### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LINDELL MOORE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO.  25-4411** |
| | : | |
| **LAURA WILLIAMS,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

**MURPHY, J.**                                                                   **August 4, 2025**

        Lindell Moore filed this *pro se* complaint asserting civil rights claims against Warden Laura Williams of the Warden of George W. Hill Correctional Facility, and Radnor Township Police Officer Sean C. Camburn.[1]  Mr. Moore also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Moore leave to proceed *in forma pauperis* and dismiss his complaint.

### I.    FACTUAL ALLEGATIONS[2]

        Mr. Moore's allegations are brief and not easily understood.  He claims that on July 31, 2024, while sitting in a park in Allentown, Pennsylvania, he was arrested by the Allentown Police Department on a warrant from Delaware County issued by the Radnor Township Police Department in violation of his constitutional rights.  Complaint at 2-3.  A few days later, he was extradited to Delaware County and given a $30,000 bail.  *Id*. at 3.  He was interrogated by the

---

[1] The Clerk incorrectly lists Williams and the Warden as separate individuals.  The error will be corrected in the attached Order.

[2] The factual allegations set forth in this Memorandum are taken from Mr. Moore's complaint.  (DI 2.)  The Court adopts the sequential pagination assigned to the complaint by the CM/ECF docketing system.

Radnor Township Police regarding a check being deposited into a bank account, of which he had no knowledge. *Id.* He claims he suffers from mental disorders since the incident and seeks money damages. *Id*. at 4. While he mentions the Radnor Township Police Department, he does not state how either Radnor Officer Sean C. Camburn or Warden Williams were personally involved in the incident he describes.

## II.    STANDARD OF REVIEW

The Court grants Mr. Moore leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 205 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Mr. Moore is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (*per curiam*). The United States Court of Appeals for the Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading identifies discrete defendants and the actions taken by these defendants in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (quotation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted). Dismissals under Rule 8 are "reserved for those cases in which the complaint

3

is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III.   DISCUSSION

Mr. Moore's Complaint fails to allege a plausible civil rights claim.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").  Also, a "defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Mr. Moore names Radnor Officer Sean C. Camburn and Warden Williams but his claims against them are not plausible because he does not allege how they were personally involved in any violation of his civil rights.  *See id.*  Because Mr. Moore's claims are unclear and the facts are underdeveloped, the Complaint fails to provide fair notice of the grounds upon which his claims against the Defendants rest, as required by Rule 8.  *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff "failed to plead adequate factual content to support a reasonable inference that defendants were liable and did not present cognizable legal claims to which defendants could respond on the merits"); *Wright v. United States*, No. 22-1164, 2023 WL 4540469, at *2 (3d Cir. July 14, 2023) (*per curiam*) (affirming the

District Court's dismissal with prejudice of a *pro se* amended complaint where the amended complaint failed to assert adequate factual allegations to put the named defendants on notice of the claims against them).  In short, it is completely unclear what, if anything, any of the Defendants Mr. Moore has named did that caused him harm.  No defendant could reasonably be expected to respond to his allegations because they are confused, ambiguous, vague, or otherwise unintelligible.  Accordingly, the Complaint will be dismissed for failure to comply with Rule 8.

## IV.  CONCLUSION

Mr. Moore will be granted leave to file an amended complaint to clearly set out the factual bases of any claim he seeks to present, including this Court's jurisdiction to hear those claims.  An order of dismissal will be entered.