IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LINDELL MOORE,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 25-4411 |
| | : | |
| **LAURA WILLIAMS,** *et al.*, | : | |
| Defendants. | : | |

# **MEMORANDUM**

**MURPHY, J.**                                                                                     September 10, 2025

In a prior memorandum and order, the court dismissed the complaint filed by Lindell Moore but allowed him an opportunity to file an amended complaint to more clearly allege the claims he sought to bring. *See Moore v. Williams*, No. 25-4411, 2025 WL 2213296 (E.D. Pa. Aug. 4, 2025). Mr. Moore has returned with an amended complaint (DI 6), in which he names as defendants Warden Laura Williams of the George W. Hill Correctional Facility ("GWHCF"), and Radnor Township Police Officer Sean C. Camburn. For the following reasons, we will dismiss the amended complaint.

## I.    FACTUAL ALLEGATIONS[1]

Mr. Moore claimed in his original complaint that on July 31, 2024, while sitting in a park in Allentown, Pennsylvania, he was arrested by the Allentown Police Department on a warrant from Delaware County issued by the Radnor Township Police Department in violation of his constitutional rights. Compl. (DI 2) at 2-3. A few days later, he was extradited to Delaware

---

[1] Unless otherwise stated, the factual allegations set forth in this memorandum are taken from Mr. Moore's amended complaint. (DI 6.) The court adopts the sequential pagination assigned to the complaint by the CM/ECF docketing system.

County and given a $30,000 bail. *Id*. at 3. He was interrogated by the Radnor Township Police regarding a check being deposited into a bank account, of which he had no knowledge. *Id*. While he mentioned the Radnor Township Police Department, he did not state how either Officer Camburn or Warden Williams were personally involved in the incident he describes. Because he failed to allege their personal involvement and his allegations were otherwise unclear and undeveloped, the Complaint was dismissed. *Moore*, 2025 WL 2213296, at *2-3.

In his equally brief amended complaint, Mr. Moore essentially alleges the same facts and asserts a Fourth Amendment unlawful arrest claim. Am. Compl. at 2. He alleges he was arrested by Allentown Police on July 30, 2024 on a warrant from Delaware County. *Id*. at 3. He was taken before a magistrate "who set bail and a 24 hr. hold for Radnor Township to come pick up [Moore]. The '24 hr.' hold went to 4 days and [Moore] was extradited to Delaware County." *Id*. He alleges that Camburn questioned him at the Radnor Police Department about a bank fraud, with which Mr. Moore denied any involvement, he was held on $30,000 bail, and sent to GWHCF. *Id*. At the jail, he attempted to "communicate with staff" about "his illegal incarceration and ordered to be released immediately," but his pleas were ignored. *Id*. He filed a grievance and he was released from custody on August 22, 2024. *Id*. He states that the case was dismissed for non-prosecution. *Id*. While Mr. Moore did not state the relief he seeks on these claims in the amended complaint, he subsequently filed an "Exhibit" (DI 9), in which he makes a demand for $2.5 million in money damages against each Defendant.

II.     **STANDARD OF REVIEW**

Because the court granted Mr. Moore leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss the amended complaint if it fails to state a claim. Whether the amended complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by

2

the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the court will accept the facts alleged in the *pro se* amended complaint as true, draw all reasonable inferences in Mr. Moore's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Because Moore is proceeding *pro se*, the court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.    DISCUSSION**

Mr. Moore again attempts to allege a Fourth Amendment false arrest claim.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Also, a "defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

### A. Officer Camburn

Mr. Moore reasserts a false arrest claim against Officer Camburn. The Court previously explained to Mr. Moore in a different case he filed about a different arrest that, to state a claim for false arrest a plaintiff must allege: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *Moore v. Martin*, No. 23-4410, 2023 WL 8773628, at *3 (E.D. Pa. Dec. 19, 2023) (citing *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012)). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Twp. of Manalapan*, 47 F .3d 628, 636 (3d Cir. 1995). Conversely, "[f]alse arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).

Mr. Moore alleges he was arrested in Allentown pursuant to a warrant issued in Delaware County.[2] As the United States Court of Appeals for the Third Circuit explained in a different

---

[2] 42 Pa. Stat. and Cons. Stat. § 9161, *et seq.* provides the authority and process by which a person subject to an arrest warrant and found in a different county is to be brought to the county that issued the warrant:

> Whenever any person within this Commonwealth shall be charged on the oath of any credible person before any judge or issuing authority of this Commonwealth with the commission of any crime in any other county of this Commonwealth . . . the judge or issuing authority shall issue a warrant directed to any peace officer commanding him to apprehend the person named therein wherever he may be found in this Commonwealth and to bring him before the same or any other judge or issuing authority who or which may be available in, or convenient of, access to the place where the arrest may be made to answer the charge or complaint and affidavit, and a certified copy of the sworn charge or complaint and affidavit upon which the warrant is issued shall be attached to the warrant.

context, "an arrest warrant issued by a magistrate or judge does not, in itself, shelter an officer from liability for false arrest. Rather, a plaintiff may succeed in a § 1983 action for false arrest made pursuant to a warrant if the plaintiff shows, by a preponderance of the evidence: (1) that the police officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;" and (2) that "such statements or omissions are material, or necessary, to the finding of probable cause." *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000) (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)). In terms of stating a plausible claim at the pleading stage then, Mr. Moore would have to allege facts that Defendant Camburn was personally involved in making false statements to obtain the Delaware County warrant and that such statements were necessary for the judicial official issuing the warrant to have found there was probable cause to issue the arrest warrant.

Mr. Moore does not allege that Camburn made false statements to obtain the warrant or that he was anyway involved in obtaining the warrant. He only asserts that Camburn questioned him when he was brought to Radnor Township after the warrant was issued, and the charges for which the warrant was issued were subsequently dismissed. But the fact that charges are subsequently dismissed does not mean that probable cause did not exist at the time the warrant was approved by the issuing authority. *See Wilson v. Port View Borough*, No. 16-1443, 2017 WL 467974, at *2 (W.D. Pa. Feb. 3, 2017) ("[T]he fact that the criminal charges were subsequently dismissed is irrelevant to the determination of whether probable cause existed in

---

*Id.*, § 9161. Section 9163 provides that "the judge or issuing authority must, by a warrant reciting the accusation, commit him to the county jail for such a time, not exceeding five days and specified in the warrant, as will enable the arrest of the accused to be made under a warrant of the charging county. . . ."

5

the first instance" (citing *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979) ("The validity of the arrest does not depend on whether the suspect actually committed the crime; the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest.")); *Walker v. Zook*, No. 10-467, 2011 WL 2746200, at *11 (M.D. Pa. June 22, 2011), *report and recommendation adopted sub nom. Walker v. Elliott*, 2011 WL 2791335 (M.D. Pa. July 14, 2011) ("While subsequent events resulted in the dismissal of these charges, that dismissal does not alter the fact that probable cause existed at the time of Walker's arrest."); *Shurney v. Scott's Econo Inn, Inc.*, No. 05-196, 2006 WL 1766813, at *5 (W.D. Pa. June 23, 2006) ("[T]he fact that the charges were dismissed at the preliminary hearing stage does not thereby negate the existence of probable cause to support Plaintiff's initial arrest and detention"); *Vassallo v. Timoney*, No. 00-84, 2001 WL 1243517, at *7 (E.D. Pa. Oct. 15, 2001), *aff'd*, 40 F. App'x 734 (3d Cir. 2002). Because Mr. Moore has failed to allege that Officer Camburn made false statements to obtain the warrant or that probable cause was otherwise lacking, his false arrest claim is not plausible.

### B. Warden Williams

Mr. Moore also names GWHCF Warden Williams as a Defendant, but because he fails to allege how Warden Williams was personally involved in any constitutional violation, any claim against her is not plausible. *Rode*, 845 F.2d 1195, 1207. He asserts only that, when he was sent to the jail, he attempted to "communicate with staff about his illegal incarceration, and ordered to be released immediately," but his pleas were ignored. (Am. Compl. at 3.) This does not allege personal involvement by Warden Williams.[3] Moreover, his allegation that he was "ordered to be

---

[3] Mr. Moore also alleges he filed a grievance about his incarceration at GWHCF. To the extent he premises liability against Warden Williams based on any involvement she may have

released immediately" is too vague and unclear to allege a constitutional violation and, to the extent that Mr. Moore attempts to allege a false imprisonment claim against Warden Williams for failing to release him, his failure to allege a lack of probable cause for the arrest warrant and subsequent incarceration also renders any claim against her implausible. *See Groman*, 47 F.3d at 636 ("[F]alse imprisonment claim under § 1983… is based on an arrest made without probable cause;" "an arrest based on probable cause could not become the source of a claim for false imprisonment"); *Catanese v. Martino*, No. 22-821, 2025 WL 84136, at *5 (E.D. Pa. Jan. 13, 2025) ("The threshold question for [false arrest and false imprisonment] claims is whether Ingram had probable cause to arrest her."). He also does not allege in any way that Warden Williams failed to release him from custody at GWHCF in a timely manner after he was ordered released by a judge.

### IV.   CONCLUSION

Mr. Moore's amended complaint will be dismissed because his false arrest claims are not plausible. We will, however, grant Mr. Moore a final opportunity to amend to clearly set out the factual bases of his false arrest claims. Specifically, Mr. Moore must allege how a named defendant was personally involved in falsely arresting or imprisoning him without probable cause. An order of dismissal will be entered with further information about amendment.

---

had with a grievance, this is not sufficient to allege her personal involvement in a constitutional violation. *See Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) (*per curiam*) ("Although some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews."); *Curtis v. Wetzel*, 763 F. App'x 259, 263 (3d Cir. 2019) (*per curiam*) ("The District Court properly determined that Defendants [Superintendent] Wenerowicz, Lewis, and Shaylor – who participated only in the denial of Curtis' grievances – lacked the requisite personal involvement [in the conduct at issue].").