IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LINDELL MOORE,                    :          CIVIL ACTION
    Plaintiff,                 :
                               :
v.                                :          NO.   25-4411
                               :
SEAN C. CAMBURN,                  :
    Defendants.                :

MEMORANDUM

MURPHY, J.                                              March 18, 2026

Defendant Sean C. Camburn filed a motion to dismiss the amended complaint filed by plaintiff Lindell Moore asserting false arrest claims. The court directed Mr. Moore to file a response to the motion (DI 22) and, when he did not do so, issued an order to show cause on February 2, 2026 (DI 23) why the case should not be dismissed for failure to prosecute. Mr. Moore did not respond to that order as well. For the following reasons, applying the factors enunciated in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984) (the "*Poulis* factors*"), Mr. Moore's claims against Officer Camburn will be dismissed with prejudice.

I.      FACTUAL ALLEGATIONS[1]

Mr. Moore claimed in his original complaint that on July 31, 2024, while sitting in a park in Allentown, Pennsylvania, he was arrested by the Allentown Police Department on a warrant from Delaware County issued by the Radnor Township Police Department in violation of his constitutional rights. Compl. (DI 2) at 2-3. A few days later, he was extradited to Delaware County and given a $30,000 bail. *Id*. at 3. He was interrogated by the Radnor Township Police

---

[1] Unless otherwise stated, the factual allegations set forth in this Memorandum are taken from Moore's Amended Complaint (ECF No. 13). The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

regarding a check being deposited into a bank account, of which he had no knowledge.  *Id*.

While he mentioned the Radnor Township Police Department, he did not state how Officer

Camburn (or the Warden of George W. Hill Correctional Facility, since dismissed as a

defendant) were personally involved in the incident he described.  Because he did not allege

personal involvement and his allegations were otherwise unclear and undeveloped, the complaint

was dismissed with leave to amend.  DI 4, 5.

In his equally brief amended complaint (DI 6), Mr. Moore essentially alleged the same

facts, asserting a Fourth Amendment unlawful arrest claim against Officer Camburn.  Am.

Compl. at 2.  In a memorandum and order filed September 8, 2025 (DI 11, 12), the court

dismissed the claim because Mr. Moore did not allege that Officer Camburn made false

statements to obtain the warrant or that probable cause was otherwise lacking.  DI 11 at 6.  He

was again granted leave to amend.

In the current version of his pleading (DI 13) Mr. Moore alleges that the warrant issued

for his arrest was illegally obtained and that he was incarcerated at the time the offense allegedly

occurred.  *Id*. at 3.  He claims that Officer Camburn intentionally omitted information when

requesting the warrant, namely that Mr. Moore was incarcerated at Lehigh County Jail ("LCJ")

on the day the alleged offense occurred, March 26, 2024, and obtained the warrant with

intentional or reckless disregard for the truth.  *Id*. at 6-7.  Mr. Moore asserts it would have been

impossible for Officer Camburn to have obtained the warrant had the fact of his incarceration on

the day in question been provided to the issuing authority.  *Id*. at 7.

Attached to the pleading is the docket sheet from *Commonwealth v. Moore*, MJ-31102-

CR-112-2024, which Mr. Moore alleges indicates that he was incarcerated at LCJ on unrelated

charges on the occasion in question.  *Id*. at 8; 11-12.  The attachment and the publicly available

version of the docket indicate that Mr. Moore was arrested on March 22, 2024 and was held at LCJ because he was unable to post bail. *Id*. at 11. The docket reflects that he was confined through April 1, 2024, the date of Mr. Moore's preliminary hearing. *Id*.

Also attached to Mr. Moore's pleading is the Affidavit of Probable Cause submitted by Officer Camburn. *Id*. at 10. In it, Officer Camburn attested that on April 8, 2024 he spoke with a victim who related to him that on March 12, 2024 she wrote a check payable to Chase Card Services that she placed in her mailbox. *Id*. When her next statement showed the payment was not credited, she contacted her bank and learned the check was deposited on March 26, 2024, through PNC Bank to Lindell Moore by way of a mobile deposit. *Id*. The victim related that she did know any "Lindell Moore" and the check was not made out to him. *Id*. Officer Camburn obtained a search warrant for PNC Bank for any and all account information belonging to Lindell Moore and was provided with records indicating that on March 26, 2024, a mobile deposit was posted to his account. *Id*. Officer Camburn observed that the check was "altered" to make Mr. Moore the payee. *Id*. Based on this information, he asked for and obtained a warrant for Mr. Moore's arrest. *Id*.

## II.    STANDARD OF REVIEW

Mr. Moore has not responded to Officer Camburn's motion to dismiss the complaint. Granting a defendant's motion to dismiss a case where the plaintiff has failed to respond thereto is effectively akin to sanctioning the plaintiff for failing to comply with a local rule or court order, and a "drastic" sanction like dismissal with prejudice requires a *Poulis* analysis. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 29-30 (3d Cir. 1991). Accordingly, the court cannot grant a Rule 12 motion as "unopposed" or "uncontested" without a *Poulis* analysis. *See, e.g., Washington v. Wenerowicz*, No. 21-2741, 2022 WL 39870, at *2 n.5 (3d Cir. Jan. 5, 2022) (*per*

*curiam*); *Adkins v. Reynolds*, 788 F. App'x 824, 828 (3d Cir. 2019) (*per curiam*); *Wiggins v. MacManiman*, 698 F. App'x 42, 43-44 (3d Cir. 2017) (*per curiam*); *Jones v. Unemployment Comp. Bd. of Rev.*, 381 F. App'x 187, 189 (3d Cir. 2010) (*per curiam*); *Shuey v. Schwab*, 350 F. App'x 630, 632-33 (3d Cir. 2009); *Hernandez v. Palakovich*, 293 F. App'x 890, 895-96 (3d Cir. 2008).  That is so even if, as here, the plaintiff has been ordered to respond and warned that failure to respond could result in dismissal.  *Brzozowski v. Pa. Tpk. Comm'n*, 738 F. App'x 731, 734 (3d Cir. 2018) (*per curiam*) (remanding where "[t]he District Court did not acknowledge the Poulis factors.  Instead, in dismissing Brzozowski's amended complaint, the District Court merely noted that: (1) it directed Brzozowski to respond to the Commission defendants' motion; (2) it warned him that failure to respond might result in dismissal; and (3) Brzozowski nevertheless failed to respond.").

In *Poulis* the United States Court of Appeals for the Third Circuit set forth six factors to consider when determining whether to dismiss an action due to a plaintiff's failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868 (emphasis omitted).  Not all of the *Poulis* factors must be satisfied in order for a court to dismiss a complaint.  *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003); *Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (*per curiam*).

## III.    *POULIS* ANALYSIS

### A.    *Poulis* Factors One through Five

As to the first *Poulis* factor, the extent of the party's personal responsibility, it is Mr. Moore's sole responsibility to prosecute his case and comply with court orders.  *See Briscoe v.*

4

*Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (explaining that "a pro se plaintiff is personally responsible for complying with the court's orders" and "it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (stating that where the litigant was proceeding *pro se*, any failure to comply with orders was attributable to him). Mr. Moore was given two opportunities to file a response to Officer Camburn's motion. The order to show cause expressly informed him that if he did not do so, this case would be dismissed for failure to prosecute. Yet he did not file a response to the motion and did not communicate with the court in any other respect. Mr. Moore, as a self-represented litigant, is solely responsible for complying with the court's orders. This factor, therefore, weighs in favor of dismissal.

The second factor, prejudice to the defendants, is neutral here. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams v. Trs. of N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871 (3d Cir. 1984). Since this case is in its early stage of litigation, there appears to be no prejudice to Officer Camburn at this point.

The third factor, a history of dilatoriness, must be assessed over the lifetime of the case, keeping in mind that "conduct that occurs one or two times is insufficient." *Briscoe*, 538 F.3d at 261. However, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as . . . consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. On the one hand, this case is in the early stages of litigation. On the other hand, the litigation cannot proceed beyond its initial stage due to Mr. Moore's repeated non-compliance

5

with the court's orders to file his response.  The delay is solely attributable to Mr. Moore and nothing in the record provides a reasonable explanation as to why he is unable to comply with the court's directives.  For example, there is no indication on the docket that Mr. Moore failed to receive the court's orders directing him to file his response.  Those orders were sent to the email address he provided and where he received and responded to a prior order entered by the court to file his amended complaint.  *See* DI 12 (dismissing complaint on September 10, 2025 with leave to amend within 30 days); DI 13 (Mr. Moore's amended complaint filed October 10, 2025); *see also* DI 8 (Mr. Moore's consent to receive notice and service of all items via email and agreement to promptly notify the Clerk in writing if there is a change to his email address or mailing address).  Because the record shows an unexplained delay in Mr. Moore's prosecution of the case, this factor weighs in favor of dismissal.

The fourth factor, whether plaintiff's conduct was willful or in bad faith, weighs in favor of dismissal.  As noted above, Mr. Moore has been expressly and repeatedly instructed on what he was required to do to prosecute this case, namely respond to the pending motion, and has also been expressly informed of the consequences of the failure to comply with the court's orders. On this record, Mr. Moore's failure to file a response may fairly be understood as willful.

An examination of the fifth factor, the effectiveness of sanctions other than dismissal, reveals that no other sanction would be effective.  Mr. Moore is proceeding *pro se* and his apparent refusal to respond to the pending motion, if left unaddressed, would be a complete barrier to this case proceeding beyond the pleadings stage.  Given the procedural posture of this case and Mr. Moore's apparent unwillingness to prosecute his claims by responding to the pending motion, it is difficult to determine what lesser sanction might be available or appropriate in this context.  *See Guyer v. Beard*, 907 F.2d 1424, 1430 (3d Cir. 1990) (affirming dismissal of

6

case where dilatory conduct "made adjudication of the case impossible.  Therefore, any lesser sanction would not have furthered the interests of justice."); *King v. Galano*, No. 14-1691, 2015 WL 6523459, at *3 (D.N.J. Oct. 28, 2015) ("Plaintiff's history of nonparticipation and noncompliance in this matter suggests that alternative sanctions would be futile.").  As such, no other sanction would be effective.  The fifth factor thus weighs in favor of dismissal.

B.       *Poulis* **Factor Six – Merits of the Underlying Claims**

Under the sixth *Poulis* factor, the court must consider if the claims are meritorious.  *See Poulis*, 747 F.2d at 869-70.  Mr. Moore alleges that when Officer Camburn obtained the arrest warrant he intentionally or recklessly disregarded the truth that Mr. Moore was incarcerated on the day the offense occurred.  To state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause.  *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995); *Noviho v. Lancaster County*, 683 F. App'x 160, 164 (3d Cir. 2017) ("Fourth Amendment false imprisonment and false arrest claims rise and fall on whether probable cause existed for the arrest." (citation omitted)).

"[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."  *Orsatti*, 71 F.3d at 483.  Courts "consider the existence of probable cause via a 'common sense approach' based on the totality of the circumstances, and viewed from the perspective of an objectively reasonable police officer."  *Young v. City of Pittsburgh*, 562 F. App'x 135, 140 (3d Cir. 2014) (internal citation omitted).  The standard is "not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had

7

committed the offense." *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988). Courts view the "totality of the circumstances" in assessing the existence of probable cause to issue a warrant. *Illinois v. Gates*, 462 U.S. 213 (1983). A plaintiff asserts a plausible claim if he alleges that the officer "recklessly disregarded the truth in his warrant application, and that a warrant application based on what [the officer] should have told the judge would have lacked probable cause." *Wilson v. Russo*, 212 F.3d 781, 786 (3d Cir. 2000).

Mr. Moore's claim arguably lacks merit since the information within Officer Camburn's knowledge, as shown by the affidavit that Mr. Moore attached to his pleadings, was sufficient to warrant a reasonable person to believe that an offense had been committed and the person who committed it was Mr. Moore. Officer Camburn investigated the complaining witness's story, accessed bank records, and determined that the stolen check had been altered and deposited into Mr. Moore's account. Mr. Moore does not allege that Officer Camburn was aware at the time he sought the arrest warrant that Mr. Moore was incarcerated on the day the deposit was made, nor does he allege how Officer Camburn, an officer in Radnor Township in Delaware County, would have been aware of the fact that Mr. Moore was incarcerated in Lehigh County.

In any event, even if Mr. Moore could allege plausible claims against Officer Camburn, the other *Poulis* factors weigh in favor of dismissal. A plaintiff may have a meritorious claim, but he must prosecute that claim in accordance with the Federal Rules of Civil Procedure and this court's orders to prove that claim and entitle him to judgment if warranted. When a plaintiff fails to participate in the legal process, a case cannot move forward.

## IV.    CONCLUSION

For the reasons stated, the *Poulis* analysis results in a conclusion that dismissal of Mr. Moore's claims against Officer Camburn is the only manner in which the court can proceed

given Mr. Moore's failure to prosecute this case.  An appropriate order will be filed separately

dismissing the case against Officer Camburn.